


**FILED**

JUL - 2 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TALITHA FALKENBURG, et al.,

        Plaintiff,                     No. CIV-S-01-1478 DFL GGH

        vs.

COUNTY OF YOLO, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiffs' most recent motion to compel involved defendants' refusal, right up until just before hearing, to reveal the last known contact information for a former inmate of the Yolo County Jail who was the first witness on the scene with respect to discovering the death of plaintiffs' decedent. Clearly, this inmate is likely to have probative evidence in this case. Defendants asserted the privacy rights of this inmate as justification for the refusal to produce the contact information. The day of, or the day before, hearing, defendants finally produced the information.

        While defendants had the right to assert a privacy privilege on behalf of the third party inmate, that privilege was subject to the balancing discussed in <u>Cook v. Yellow Freight</u>,

\\\\

\\\\

132 F.R.D. 548 (E.D. Cal. 1990).[1] In Cook defendants were ultimately required to permit contact with former employees who knew about, or may have engaged in, sexual conduct with defendants' alleged harassing official, albeit, the contact was made with special procedures. Here, the privacy interests involved in simply giving the last known address of a former jail inmate are greatly diminished from those discussed in Cook. No one will be questioning the former jail inmate on intimate sexual conduct.

Defendants ultimately realized that they had seriously mis-weighed the privacy interests versus the potential probative value of this witness and belatedly disclosed the requested information. The only question that remains is whether sanctions should issue on account that the pre-disclosure actions of defendants were not substantially justified.

As expressly provided by Rule 37(b)(2), the court shall require the party who fails to comply with the order to pay the moving party's reasonable expenses unless its opposition is substantially justified. Substantial justification is found when reasonable people could disagree as to whether the requested discovery was required. See In Re Akros, 834 F.2d 1526, 1530 (9th Cir. 1987). Finally, no bad faith is required; even negligent failures to allow reasonable discovery are cause for imposing sanctions under Rule 37. Marquis v. Chrysler Corp., 577 F.2d 624 (9th Cir. 1978).

The court cannot find that defendants' actions were so justified. Reasonable minds could not disagree on the balancing required to be done with the end result that disclosure was mandated. Address information, which appears generally in phone books, internet people searches and the like, is not the type of information which causes harm upon disclosure given that the underlying need for the information was great, and no highly sensitive, private

---

[1] In one meet and confer letter, plaintiffs indicated that Cook had been overruled by Jackson v. County of Sacramento, 175 F.R.D. 653 (E.D.Cal. 1997). Of course, one magistrate judge cannot overrule the opinion of another magistrate judge, and the Supreme Court case relied upon in Jackson as the basis for the purported overruling did not in any manner overrule Cook directly or impliedly.

1  information was likely to be discovered.  Moreover, and importantly, this is not the first time that
2  defendants have dragged their feet in responding to legitimate discovery requests.  Plaintiffs'
3  counsel have been imposed upon, both in time and money, in having to seek court relief for
4  unreasonable non-disclosure.  To withhold sanctions again would unnecessarily penalize
5  plaintiffs' counsel.  Sanctions appropriately issue at this time.
6          Plaintiffs' counsel seeks recovery for 7.5 hours spent in preparing for, and
7  attending the hearing at a rate of $200 per hour.  The court finds that 5 hours at that rate should
8  be awarded for a total of $1,000.00.  Payment shall be made by defendants within twenty days of
9  this order.
10  DATED: July ___, 2002.

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
falkenburg.ord

```
                United States District Court
                          for the
                Eastern District of California
                       July 2, 2002

              * * CERTIFICATE OF SERVICE * *

                                        2:01-cv-01478


     Falkenburg

         v.

     County of Yolo
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  July 2, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
        Justin Matthew Gingery                VC/GGH
        4811 Chippendale Drive
        Suite 503
        Sacramento, CA  95841

        Douglas L Johnson
        Johnson and Rishwain LLP
        12121 Wilshire Boulevard
        Suite 1201
        Los Angeles, CA  90025

        Bruce Alan Kilday
        Angelo Kilday and Kilduff
        601 University Avenue
        Suite 150
        Sacramento, CA  95825

        Jerome M Varanini
        Trimble Sherinian and Varanini
        2500 Venture Oaks Way
        Suite 350
        Sacramento, CA  95833-0590

        Peter George Bertling
        Bertling and Clausen
        15 West Carrillo Street
```

Jack L. Wagner, Clerk

BY: _____
   Deputy Clerk