**FILED**

FEB 21 2003

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TALITHA FALKENBURG, et al.,

    Plaintiff,

vs.

COUNTY OF YOLO, et al.,

    Defendants.

_____/

No. CIV-S-01-1478 DFL GGH

MEMORANDUM / ORDER

    Plaintiffs' amended motion to compel discovery from California Forensic Medical Group ("CFMG"), filed January 16, 2003, was heard on February 13, 2003 at 10:00 a.m. in Courtroom No. 24. Plaintiffs' motion was granted in part and denied in part, as follows. All documents ordered to be produced shall be produced on or before March 5, 2003, along with an appropriate formal response.

I. BACKGROUND

    The court and the parties are familiar with the background of this civil rights case, brought, inter alia, pursuant to 42 U.S.C. § 1983. The court need not repeat it. CFMG provided medical services to Yolo County, in whose jail plaintiffs' decedent committed suicide.

    As a preliminary issue, the parties disagreed about whether the complaint seeks to impose liability on CFMG pursuant to Monell v. New York City Dep't of Social Services, 436

1  U.S. 658, 691 (1978). Pursuant to Monell, "[a] local government entity cannot be held liable
2  under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an
3  explicitly adopted or a tacitly authorized [governmental] policy." Ortez v. Washington Cty.,
4  State of Or., 88 F.3d 804, 811 (9th Cir.1996) (citation and quotations omitted) (alteration in
5  original) "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for
6  constitutional deprivations visited pursuant to governmental 'custom' even though such a custom
7  has not received formal approval through the body's official decisionmaking channels." Monell,
8  436 U.S. at 690-91. There can be no serious dispute that, while CFMG is not a local government
9  entity, case law has applied a Monell analysis to private medical entities performing
10 governmental functions through their affiliation with a municipality. See, e.g., Buckner v. Toro,
11 116 F.3d 450 (11th Cir.1997); Taylor v. Plousis, 101 F.Supp.2d 255, 263 (D.N.J. 2000)
12 (collecting cases); McCullum v. City of Philadelphia, Aramark Services Inc., 1999 WL 493696
13 *2 (E.D. Pa. 1999). The ultimate determination of whether the private corporation in this case,
14 CFMG, was performing a governmental function and thus subject to Monell, however, rests with
15 the District Judge. The undersigned can determine only whether at this point the allegations of
16 the complaint are sufficient to permit discovery as to policy, pattern and practice which might be
17 sufficient to impose Monell liability on CFMG.
18         Rule 8(a) requires only that a complaint include "a short and plain statement of
19 the claim showing that [Plaintiff] is entitled to relief, and ... a demand for judgment for the relief
20 [he] seeks." Fed.R.Civ.P. 8(a). See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 122 S.Ct. 992
21 (2002) (observing that simplified pleading standard established by Federal Rules applies to all
22 civil actions, with limited exceptions); Crawford-El v. Britton, 523 U.S. 574, 594, 118 S.Ct.
23 1584, 1594-95 (1998) (no heightened pleading standard in damages action against government
24 officials); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (rejecting
25 heightened pleading standards where motive an element of constitutional tort). The court has
26 concluded that the complaint, especially in light of paragraphs 67, 73, 88, 89, and 94, contains

1 sufficient allegations, pursuant to the notice pleading standards applicable in federal court, to
2 permit discovery into policy, pattern, and practice of CFMG to proceed with discovery.
3     On another issue, federal law does not recognize a peer review or self-critical
4 analysis privilege, nor does California. Union Pacific Railway Co. v. Mower, 219 F.3d 1069,
5 1076 n.7 (9th Cir. 2000) also citing Cloud v. Superior Court, 50 Cal. App.4th 1552, 1558-60, 58
6 Cal. Rptr.2d 365 (1996). It will not be applied here.
7     Keeping these principles in mind, the court makes the following rulings
8 concerning the requests to produce documents at issue.

9 III. STANDARDS
10     Effective 12/01/00, Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

17     Relevancy has been considered broadly, to include "any matter that bears on, or
18 that reasonably could lead to other matter that could bear on, any issue that is or may be in the
19 case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). The
20 advisory committee comments, however, make clear that the intent of the amendment was to
21 narrow the scope of discovery: "The rule change signals to the court that it has the authority to
22 confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties
23 that they have no entitlement to discovery to develop new claims or defenses that are not already
24 identified in the pleadings." The court, however, retains the discretion, for good cause, to expand
25 discovery to any matter relevant to the subject matter. As the advisory committee notes: "The
26 court may permit broader discovery in a particular case depending on the circumstances of the

3

case, the nature of the claims and defenses, and the scope of the discovery requested."

## II. REQUESTS AT ISSUE AND COURT RULINGS

The following requests to produce, which the court has organized by category, were at issue. The court has added its own emphasis to several of the requests, to assist in determining the nature and extent of the documents sought to be produced.

### A. GENERAL FINANCIAL DOCUMENTS, PAST FIVE YEARS

1. Your **financial statements** for the past five (5) years.
2. Your **balance sheets** for the past five (5) years, including but not limited to, profit and loss statements.
3. Documents indicating the amounts of your **business loans and lines of credit** for the past five years.
4. Statement of all **current assets and all current liabilities**.
5. Documents indicating the **salaries** of each of your **officers** for the past five (5) years.

As to these requests in Category A, CFMG was directed to produce financial statements, i.e., balance sheets, and income and expense statements for the past five years. In the event that these documents do not reflect the salaries of officers, CFMG shall also produce that information. All information is to be produced for the past five year period. Request 3 need not be the subject of further response.

### B. DOCUMENTS RELEVANT TO **YOLO** MEDICAL SERVICES INCLUDING FINANCIAL

6. Documents from 1996 to the present referring or relating in any manner to the use or lack thereof of **suicide watch** at the Yolo Correctional Facilities.
9. Documents from 1996 to the present referring or relating to the manner in which **prescription medications** are required to be obtained, handled, and/or administered by you at the Yolo Correctional Facilities.
12. Documents referring or relating to **communication**

4

|   |     |                                                                                                                                                                                                              |
|---|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |     | between you and Yolo County about providing services to Yolo County.                                                                                                                                          |
|   | 13. | All **complaints** received about services rendered by you to Yolo County.                                                                                                                                    |
|   | 19. | Documents indicating the total amount of **money** that was **paid to you by Yolo County**, for each year from 1995 to the present, pursuant to the medical services provided to it by you.                   |
|   | 20. | Documents detailing the proposed **annual expense budget** projected by you for each year from 1996 to the present for all of the **medical services** you were providing to Yolo County.                     |
|   | 21. | Documents detailing the total **annual expenses actually incurred** by you, for each year from 1996 to the present, pursuant to the **medical services** you were providing to Yolo County.                   |
|   | 22. | Documents indicating the **profit** made by you, for each year from 1996 to the present, pursuant to the **medical services** you were providing to Yolo County.                                              |
|   | 23. | Documents detailing the proposed **annual expense budget** project by you for each year from 1996 to the present, for the **psychiatric medical services** you were providing to Yolo County.                 |
|   | 24. | Documents detailing the **actual expenses** incurred by you, for each year from 1996 to the present for the **psychiatric medical services** you were providing to Yolo County.                               |
|   | 25. | Documents detailing the proposed **annual expense budget** projected by you, for each year from 1996 to the present, for the **psychological medical services** you were providing to Yolo County.            |
|   | 26. | Documents detailing the **actual expenses** incurred by you, for each year from 1996 to the present, for the **psychological medical services** you were providing to Yolo County, including but not limited to, the Monroe Detention Center. |
|   | 27. | Documents detailing the proposed **annual expense budget** projected by you for each year from 1996 to the present, for the **mental health medical services** you were providing to Yolo County, including but not limited to, the Monroe Detention Center. |
|   | 28. | Documents detailing the **actual expenses** incurred by you, for each year from 1996 to the present, for the **mental health medical services** you were providing to Yolo County.                            |

As to these requests in Category B, CFMG was directed to produce documents, including e mails, responsive to numbers 6 and 9 pertaining to suicide watch or policies of CFMG relating thereto. The court declines to order production pursuant to numbers 12 and 13, which the court finds overbroad. Plaintiffs may propound additional requests which more narrowly define the

5

1  documents sought by these requests. As to numbers 19, 20, 21, and 22, CFMG shall produce

2  documents responsive to these requests.[1] As to numbers 23, 24, 25, 26, 27, and 28, the court

3  finds them duplicative of numbers 19-22, as well as duplicative to other discovery already

4  produced, and declines to order production.[2]

5            C. DOCUMENTS RELEVANT TO ALL FACILITIES SERVICED BY CFMG

6        7. Documents from 1996 to the present referring or relating to
   the **insufficient staffing** of employees and/or independent
7            contractors at all jails where you have a contract for
   services.

8       10. Documents from 1996 to the present referring or relating to in any manner
   to **treatment, care, and/or diagnosing of inmates** who present possible
9            **mental illness** at all jails where you have a contract for services.

10

11       14. All reports, investigations or otherwise, done by you and/or
    any third parties reports in relation to jail suicides where
12            you rendered services at the time of the death.

13       17. Documents referring or relating to third party audits,
    reports, investigations, and evaluations regarding the
14            quality of medical care provided by you at all jails where
    you have a contract for services from 1995 to the present.

15

16       18. Documents referring or relating to administrative reports by
    municipalities regarding services you provided at all jails
17            where you have a contract for services from 1996 to
    present.

18       31. Deposition transcripts of W. Taylor Fithian, M.D., and
    Elaine Hustedt, in cases against you that involved
19            allegations of violation of civil rights for inadequate
    medical care.

20

21  As to Category C, the court declined to order production of documents pertaining to facilities

22  other than Yolo serviced by CFMG, as the court finds the burden of this production outweighs

23  ―――――――――――――――――――

24  [1] The court's notes reflect that, at hearing, the court inadvertently used the wrong numbers in referring to these requests. The court erroneously referred to them as numbers 17-20. This order reflects the correct numbers.

25

26  [2] At hearing, the court inadvertently referred to these requests as numbers 21-26. This order reflects the correct numbers.

1 | any benefit likely to be obtained from searching records pertaining to the approximately 25 other
2 | counties involved. Request 10 need only be responded to in terms of policy and practice
3 | documents applicable to Yolo County. As to request number 31, however, the court directed
4 | CFMG to provide deposition transcripts of other depositions of W. Taylor Fithian, M.D., if they
5 | already have been transcribed and are in the actual or constructive possession of Dr. Fithian or
6 | his attorneys.

7 | OTHER MATTERS

8 |     Because plaintiffs' experts have already produced reports based on discovery to
9 | date, without benefit of the discovery directed to be produced here, plaintiffs' experts will not be
10 | precluded from proffering opinions based on any discovery produced pursuant to this order.
11 | DATED: February 19, 2003.

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

14 | GGH:055:falk.213.wpd

United States District Court
for the
Eastern District of California
February 21, 2003

* * CERTIFICATE OF SERVICE * *

2:01-cv-01478

Falkenburg

   v.

County of Yolo

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on February 21, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

       Justin Matthew Gingery                            VC/GGH
       Gingery Thompson and Derdowski
       4811 Chippendale Drive
       Suite 503
       Sacramento, CA  95841

       Douglas L Johnson
       Johnson and Rishwain LLP
       12121 Wilshire Boulevard
       Suite 1201
       Los Angeles, CA  90025

       Bruce Alan Kilday
       Angelo Kilday and Kilduff
       601 University Avenue
       Suite 150
       Sacramento, CA  95825

       Jerome M Varanini
       Trimble Sherinian and Varanini
       2500 Venture Oaks Way
       Suite 350
       Sacramento, CA  95833-0590

       Peter George Bertling
       Bertling and Clausen

15 West Carrillo Street
Suite 100
Santa Barbara, CA   93101

Jack L. Wagner, Clerk

BY: _____
      Deputy Clerk